350 So.2d 935 (1977)
Elbert GOWERS, Plaintiff-Appellee,
v.
E. D. GOUR et al., Defendants-Appellants.
No. 13319.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1977.
Rehearing Denied October 31, 1977.
Writ Refused December 14, 1977.
*936 Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for defendants-appellants.
J. W. White, Castor, for plaintiff-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied October 31, 1977.
MARVIN, Judge.
Workmen's compensation benefits for total and permanent disability, statutory penalties, and attorney's fees were awarded below and the employer and insurer appeal. We affirm.
Appellants generally contend error, in that:
(1) The employee did not meet his burden of proof, and specifically
(2) That the employee was not disabled within the meaning of the law;
*937 (3) That the alleged injury and disability were not caused in fact by the accident;
(4) That the termination of benefits was not arbitrary and capricious, and, alternatively
(5) That the maximum period of compensation is 150 weeks for the loss of use of a hand.
For about 18 years, the employee was a tractor driver for the defendant-logging contractor. On November 10, 1972, the employee's hand was painfully crushed, lacerated and bruised between a large limb or snag and a log. The employee's visible injuries healed uneventfully but pain in the hand and arm persisted and was severely increased by pressure to the heel of the palm. For more than two years following the accident, several doctors attempted to relieve the employee's pain by various methods of treatment, including three surgical procedures. The surgeon who did this surgery repeatedly tested the pattern of the employee's pain and concluded that the pain was genuine and medically consistent with the type of crushing injury involved. This surgeon, who saw the employee 35 or more times during the course of his treatment, periodically referred the employee to a neurologist and later to a neurosurgeon.
In January, 1975, these doctors agreed that the employee had causalgia,[1] and that a sympathetic nerve block was medically necessary to relieve the pain and avoid more disabling complications.
These doctors were of the opinion that the employee is totally and permanently disabled. Opposed to their testimony was the testimony of two orthopedic surgeons, one of whom had seen the employee only once at the request of the insurer. The other orthopedist saw the employee five times, but with a gap of 23 months between the fourth and fifth visits of the employee. The lower court correctly determined that the operating surgeon in this case was the treating physician in the medical sense, in close contact with the patient over a long period of time. For that reason, the lower court gave greater weight to the testimony of the treating physician than to that of another physician who had not had close, frequent contact and examination. This was not error. Ashby v. National Surety Corporation, 203 So.2d 96 (La. App. 2d Cir. 1967).
The orthopedic doctors who saw the employee at the request of the insurer and employer consulted with each other. One orthopedist, in a report to the insurer on January 28,1975, mentions that the consulting orthopedist thought the employee had causalgia and had recommended stellate ganglion nerve blocks. This orthopedist, in the report, agreed that the employee may have a causalgic reaction as well as some involvement of the median nerve. The orthopedist then stated that he would schedule the employee for the ganglion blocks at a hospital on an outpatient basis.
Sixteen days later, the employee's neurosurgeon made arrangements for the employee to be admitted to another hospital in the same community for the sympathetic nerve block he had earlier recommended. When the workmen's compensation insurer declined to guarantee payment of the expense to the hospital, the hospital denied admission to the employee. It was at this time that the insurer terminated compensation benefits it had been paying the employee since the accident.
In argument here, the insurer contends it was not arbitrary in terminating benefits because it had a letter from its Shreveport orthopedist dated February 4, 1975, stating that the employee could return to work. The record does not contain such a letter. Counsel for the insurer moved ex parte, to supplement the record after the letter's absence was called to counsel's attention at oral argument. Without supporting affidavits by either the *938 judge or the clerk below, we deny the motion to supplement the record. Even should we assume the content of the letter is properly before us (and there is some testimony in the record relating to the content of the letter), the result is not changed. The lower court heard the testimony relating to the content of the letter and considered that the insurer, at the time benefits were terminated, was aware of the employee's condition, his complaints of pain, and the recommendations of its own orthopedists. On February 11, 1975, the insurer inquired of its orthopedist whether a congenital defect (Dupuytren's contracture) was related to the accident. The orthopedist answered "no" on the bottom of this letter-inquiry. This correspondence is silent as to the other issues, such as the employee's ability to return to work. This letter-inquiry was received by the insurer about the time workmen's compensation benefits were terminated. Under these circumstances, we do not find error in the lower court's finding of arbitrariness or in the award of $2,000 attorney's fees. Melerine v. Brown & Root, Inc., 284 So.2d 809 (La.App. 4th Cir. 1973).
It is not necessary for experts to determine the exact cause of the disability in order for the employee to recover. The employee need show only by a preponderance of the evidence that somehow the employment caused the disability. Lucas v. Insurance Company of North America, 342 So.2d 591, 595 (La.1977).
Disability is compensable if the employee is able to perform his duties only with substantial pain. Here, the employee did attempt to work for two days. The record supports the lower court's finding of substantial pain. Likewise, an employee's disability is compensable if a nondisabling, pre-existing condition is precipitated into disabling manifestations by a work injury. Lucas, supra, pp. 595-596. In such cases the disability, and not the specific loss, provisions of the statute are applicable. Duplantis v. Highlands Insurance Co., 221 So.2d 623 (La.App. 4th Cir. 1969), writ refused.
For reasons assigned in an excellent and detailed opinion below, and summarized here, at appellants' cost, judgment is
AFFIRMED.
NOTES
[1] Causalgia is usually related to a trauma-induced injury to a peripheral nerve. One of the common peripheral nerves that produces the causalgia type syndrome is the median nerve. Common symptoms of causalgia are radiating pain from the injury and loss of skin tone and cool skin temperatures around the injury.